UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA KENNEDY,

    Plaintiff,

v.                                            Case No:   6:17-cv-2014-Orl-37TBS

ORLTEL, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Entry of Judgment After Default and Verified Application for Attorney Fees, Costs, Expert Fees and Litigation Expenses (Doc. 13). After due consideration, I respectfully recommend that the motion be **denied**.

### Background

Plaintiff Patricia Kennedy's physical condition requires her to ambulate with an assistive device (Doc. 1, ¶ 1). She is a self-described "advocate of the rights of similarly situated disabled persons and is a 'tester' for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA." (Id. at ¶ 2). Here, Plaintiff alleges that Defendant ORLTEL, LLC d/b/a Orlando Continental Plaza Hotel is in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* and related regulations found in 28 C.F.R. §§ 36.201(a) and 36.104 (Doc. 1). She complains that Defendant has failed to comply with the requirements set forth in 28 C.F.R. § 36.302(e)(1) (Id. at ¶¶ 10-11). She also alleges that Defendant's website infringes on her right to travel free of discrimination and violates the ADA and related regulations (Id. at ¶ 13). Plaintiff claims that she has suffered and will continue to suffer direct and indirect injury as a

result of Defendant's discrimination until it is compelled to modify its website to comply with the ADA's requirements (Id. at ¶ 14). She also asserts that she does not have an adequate remedy at law, and asks the Court to grant her injunctive relief (Id. at 7). The Clerk entered a default against Defendant on February 2, 2018 (Doc. 12) and on February 13, 2018, Plaintiff filed the instant motion for entry of final default judgment,[1] which was referred to me for entry of a report and recommendation (Doc. 13).

## Discussion

A final default judgment does not automatically follow from a clerk's default. See DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005) (The mere entry of a default by the Clerk does not necessarily require the court to enter a default judgment). There needs to be a sufficient basis in the pleading to support the default judgment. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] The Court must consider the appropriateness of the clerk's default and examine anew the sufficiency of the complaint.

A. The Clerk's Entry of Default Was Appropriate

A plaintiff may serve a corporate defendant by

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent

---

[1] Plaintiff has filed a twenty (20) page motion for default judgment, only two pages of which pertain to Plaintiff's cause of action (Doc. 13). The bulk of the motion – more than fifteen pages – is devoted to Plaintiff's counsel's request for attorney's fees and costs (Id. at 4-19).

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

> authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1)(B). A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) an agent designated by the corporation under FLA. STAT. 48.091.[3] See FLA. STAT. § 48.081. If the address provided for the registered agent, officer, or director is a residence or private residence, "service on the corporation may be [made by] serving the registered agent, officer, or director in accordance with s. 48.031." Id. at § 48.081(3)(b). Section 48.031, permits a process

---

[3] FLA. STAT. § 48.091 provides:

> (1) Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.
>
> (2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Under the statute, **if plaintiff is unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent."** FLA. STAT. § 48.081(3)(a) (emphasis added).

- 3 -

server to effect service on "any person residing therein who is 15 years of age or older ..." FLA. STAT. § 48.031(1)(a).

Plaintiff's return of service states that Ken Patel is Defendant's registered agent (Doc. 10). The official address listed for Mr. Patel is: 6825 Visitors Circle, Orlando, FL 32819.[4] Plaintiff served Defendant on December 1, 2017 by serving Nayrine Rubio "as MANAGER for ORLTEL, LLC." (Id.). Pursuant to FLA. STAT. § 48.091, service on Defendant was proper. Upon being served with the summons and complaint, Defendant was required to respond on or before December 22, 2017. See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). Defendant failed to respond to the complaint and the time to do so has passed. Thus, the clerk's default was properly entered.

B. Plaintiff's Complaint is Deficient

Plaintiff's complaint is deficient in multiple ways so as to preclude entry of final default judgment. First, she has failed to state a cognizable claim. For a claim of discrimination under Title III of the ADA, a plaintiff must show: (1) she is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against Petitioner within the meaning of the ADA. 42 U.S.C. § 12182(a). Plaintiff alleges that Defendant failed to comply with the requirements set forth in 28 C.F.R. § 36.302(e)(1) but fails to state with any specificity *how* Defendant failed to comply (Doc. 1 at ¶¶ 10-11).

---

[4] See http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=ORLTEL%20M050000067140&aggregateId=forl-m05000006714-45b98add-51ad-4aa5-8eb3-719d14c750be&searchTerm=ORLTEL%2C%20LLC&listNameOrder=ORLTEL%20M050000067140 .

Second, Plaintiff alleges that Defendant's website infringes on her rights guaranteed by the ADA and related regulations, but she doesn't say *how* Defendant's website discriminates (Id. at ¶ 13).

Third, Plaintiff repeatedly refers to "discriminatory conditions" at Defendant's premises, but she fails to articulate any basis for this allegation or give any description of the offending conditions (Id. at ¶ 13). Plaintiff's conclusory allegations fall far short of the requirements of the statutes and fails to meet the pleading standard established under the federal rules. See 42 U.S.C. § 12182(b)(2)(A); FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). Plaintiff's references to a "convenience store" and "architectural barrier" are insufficient to put the reader on notice of the basis of Plaintiff's claims as they relate to Defendant's premises and website.

Fourth, the complaint does not state what improvements to Defendant's property Plaintiff's cause of action would actually warrant.

It may be impossible for Defendant to cure these defects without amending her complaint. In the meantime, the insufficiency of her averments precludes the entry of final default judgment and I **respectfully recommend** that the district judge **deny** the motion because Plaintiff has failed to state a cause of action upon which this Court can grant relief.

Because I find no basis for judgment in Plaintiff's favor, there is no basis for attorney's fees or costs.

**RECOMMENDED** in Orlando, Florida on February 16, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:
    Presiding District Court Judge
    Counsel of Record
    Unrepresented Parties